## Bell Development Corporation v. Commonwealth

*Clyde W. Armstrong*, of *Thorp, Reed & Armstrong*, for appellant.

*Thomas W. Burke*, for Commonwealth.

COHEN, *Member*, April 30, 1975—This matter is before the board on the appeal of Bell Development Corporation (hereinafter appellant), from two orders dated August 1, 1973, issued appellant by the Pennsylvania Department of Environmental Resources (hereinafter D E R). Appellant operates two apartment developments in Moon Township, Allegheny County, Pa., College Park Apartments and Colony West Apartments. In each apartment development, appellant operates a swimming pool facility for the benefit of its tenants and their invited guests. The D E R orders of August 1, 1973, revoke previously issued permits to appellant to construct and operate the swimming pool facilities at each apartment development and further order appellant to drain the pools and cease operation thereof until such time as appellant applies for, is issued and operates the swimming pool facilities in compliance with the provisions of a permit.

Although the appeals in this matter raise a question as to the factual basis upon which the orders of D E R were issued, appellant's major contention is that the pools are not public bathing places and, hence, are not subject to the provisions of the Public Bathing Law of June 23, 1931, P.L. 899, as amended, 35 PS §§672, et seq.

On May 22, 1974, a hearing in this matter was held before Louis R. Salamon, a hearing examiner appointed by this board to hear this case. Upon review of the evidence presented at the aforementioned hearing, including consultation with the

hearing examiner regarding questions of credibility, and after review of the legal arguments of the parties, the board enters the following adjudication:

## FINDINGS OF FACT

1. Appellant is Bell Development Corporation, registered to do business in the Commonwealth of Pennsylvania, with offices located at Suite 2013, One Oliver Plaza, Pittsburgh, Pa. 15222.

2. Appellee is D E R, the agency of the Commonwealth charged with the administration and enforcement of the Public Bathing Law, supra.

3. Appellant operates two apartment complexes in Moon Township, Allegheny County, Pa.: the Colony West Apartments and the College Park Apartments.

4. On June 29, 1968, and on April 15, 1969, appellant submitted to the Pennsylvania Department of Health, at that time administering the provisions of the Public Bathing Law, supra, applications to construct and operate swimming pool facilities at the College Park Apartments and the Colony West Apartments, respectively.[1]

5. The Pennsylvania Department of Health, on September 24, 1968, issued appellant permit no. 468B019 to construct and operate an outdoor swimming pool at the College Park Apartment complex, and on May 15, 1969, issued appellant permit no. 0269110 to construct and operate an

---

1. By virtue of section 1901-A(9) of the Administrative Code of April 9, 1929, P.L. 177, as amended, 71 PS §§51, et seq., added by the Act of December 3, 1970, P.L. 834 (No. 275), administration of the Public Bathing Law of June 23, 1931, P.L. 899, as amended, 35 PS §§672, et seq., was conferred upon D E R, effective January 19, 1971. Prior thereto, the Pennsylvania Department of Health administered the provisions of that act.

outdoor swimming pool at the Colony West Apartment complex.

6. The College Park Apartments swimming pool is open for the use of its tenants and their guests. The Colony West swimming pool is open for use by its tenants and their guests. The College Park Apartment complex has 160 apartments while the Colony West Apartment complex has 147 apartment units.

7. Pursuant to a written agreement with D E R, the Allegheny County Department of Health is authorized to act as agent for D E R to inspect swimming and bathing facilities within Allegheny County, for compliance with the Public Bathing Law, supra, the rules and regulations of D E R adopted pursuant thereto and conditions set forth in bathing place permits issued by D E R. The Allegheny County Department of Health, after making such inspections, reports its findings to D E R. Thereafter, D E R takes such action with regard to such inspection reports as it deems appropriate under the circumstances.

8. On July 24, 1973, personnel of the Allegheny County Department of Health conducted an inspection of the swimming pool facilities at appellant's College Park Apartment complex and its Colony West Apartment complex and found with respect to the two swimming pool facilities:

(a) No chlorine residual was present in the waters of either swimming pool, and

(b) The pH value of the waters used in the pools was below 6.8.

9. On the basis of information available to it, the Allegheny County Department of Health ascertained that:

(a) At neither pool were lifeguards on duty during times when the pool was open for use by the tenants and their guests, and

(b) The electrical facilities at each swimming pool had not been inspected during the last three years.

10. The Allegheny County Department of Health transmitted the findings of its inspectors with regard to appellant's swimming pools to D E R.

11. On the basis of the information supplied to it by the Allegheny County Department of Health and other information available to it, D E R issued the following orders to appellant on August 1, 1973:

"THEREFORE, pursuant to §680(b) of said Public Bathing Law and §193.17 of the Rules and Regulations for the Department of Environmental Resources, it is hereby ordered that:

"1. Effective immediately, Bathing Place permit No. 468B019 is hereby revoked;

"2. Effective immediately, Bell shall drain and keep dry the swimming pool at College Park;

"3. Said swimming pool shall remain closed until Bell applies for, is issued and is operating in compliance with, a Bathing Place permit.

"THEREFORE, pursuant to §680(b) of said Public Bathing Law and §193.17 of the Rules and Regulations for the Department of Environmental Resources, it is hereby ordered that:

"1. Effective immediately, Bathing Place permit No. 0269110 is hereby revoked;

"2. Effective immediately, Bell shall drain and keep dry the swimming pool at Colony West and cease all use of said facilities;

"3. Said swimming pool shall remain closed until Bell applies for, is issued, and is operating in compliance with, a Bathing Place permit."

12. The testimony offered on behalf of D E R, while partially contradicted by testimony offered on behalf of appellant, is worthy of belief. Such tes-

timony clearly establishes, as of August 1, 1973, and we specifically find, as follows:

(a) No chlorine residual was present in the waters of either swimming pool.

(b) The pH value of the waters in each swimming pool was below 6.8.

(c) No lifeguard protection was provided at either swimming pool.

(d) The electrical facilities at each swimming pool have not been inspected during the last three years.

## DISCUSSION

The evidence in this matter clearly shows that prior to August 1, 1973, D E R had in its possession facts which indicated that appellant violated certain D E·R regulations relating to the operation of Public Bathing Places with respect to its Colony West Apartment complex and its College Park Apartment complex in Moon Township, Allegheny County, Pa. Not only does the testimony of D E R's witness clearly establish these violations, but appellant concedes that this is the fact.

Appellant does not claim that D E R had no sufficient cause for revocation of the permits for the College Park and Colony West swimming pools. It claims, rather, that its swimming pools are not required to have a permit for the reason that they are private in nature and do not come within the provisions of the Public Bathing Law, supra. Inasmuch as appellant is not questioning the sufficiency of the cause for the revocation of the permits in question, we need not pass upon the question of whether the permits should have been suspended rather than revoked. Moreover, the issue of the validity of the revocation does not necessarily bear on the issue of whether the department could have or-

dered the pools closed for violations of D E R bathing place regulations promulgated pursuant to the Public Bathing Law, supra.

In light of our adjudication in Apple Valley Racquet Club v. Commonwealth of Pennsylvania, Department of Environmental Resources, EHB Docket No. 74-150-C (issued October 23, 1974), we must reject appellant's contention that the pools in question are not subject to the provisions of the Public Bathing Law, supra. In fact, the facts of this case present even stronger reasons for holding the pools in question to be subject to the provisions of the Public Bathing Law, supra, than those in the Apple Valley matter. The tenants of the appellant in this case have no right of control over the manner in which the pools are operated. In Apple Valley at least the members of the club theoretically had such power. Moreover, it cannot be said, as appellant argued in its brief, that these pools are not "for hire." Mr. Bell, a principal in the Bell Development Corporation, acknowledged that the tenants of Colony West and College Park Apartments are indirectly paying for the use of the pool as part of their rent. Under the circumstances of this case, it is clear that the swimming facilities at appellant's apartments are subject to the provisions of the Public Bathing Law, supra. Any other holding not only would place a crimped construction on that law inconsistent with its status as a public health and safety measure, but would deny the protection of that act to a growing number of the public who reside in apartment dwellings similar to those of appellant.

We are persuaded by the reasoning of Raponotti v. Burnt-Mill Arms, Inc., 113 N.J. Super. 173, 273 A. 2d 372 (1971), which construes apartment house swimming pools to be "public" pools within

New Jersey's analogue to our Public Bathing Law, supra.

Appellant cites Drexelbrook Associates v. Pa. P. U. C., 418 Pa. 430, 212 A. 2d 237 (1965), is support of its contention that appellant's swimming facilities are not public bathing places. However, Drexelbrook is interpreting the specific provisions of the Public Utility Law of May 28, 1937, P.L. 1053, as amended, 66 PS §§1101, et seq. Suffice it to say that the interests to be protected by the Public Utility Law, supra, are not those to be protected by the Public Bathing Law, supra. We are not concerned with the regulation of a monopoly as to the rates it may charge and the obligations it has to render service to all comers, but with considerations of public health and safety. The difference in interests to be protected, taken together with the differences in statutory definition, do not allow the adjective "public" to be given the severely restrictive meaning under the Public Bathing Law, supra, as contended for by appellant.

We are not persuaded that appellant is estopped from asserting that the provisions of the Public Bathing Law, supra, do not apply to its swimming pools in this case. We are of the opinion that the issue is whether the Public Bathing Law, supra, covers the College Park and Colony West swimming pools and we find that it does. But, we do not believe that the mere fact that appellants applied for and received a permit under the Public Bathing Law, supra, is sufficient to preclude it from contesting the necessity for having these permits. Authority to regulate under a given statute cannot be conferred by agreement. Either the statute mandates the regulation of the specific subject matter or it does not. In this case it is clear that the swimming pools under consideration are subject to regulation

under the Public Swimming Law, supra. Thus, the issue of estoppel is moot.

Even if we were to decide that appellant was not required to have a permit under the Public Bathing Law, supra, nevertheless it is clear from the provisions of section 8 of the act that the applicability of this section is not limited to public bathing facilities. Thus, independently of the permit sections of the law, we are persuaded that the department could take steps to close any swimming pool, regardless of whether it is "public," found to be operated not in conformity with the requirements of section 8 of the act.

The issue of whether the violations which have been proved constitute a public nuisance is not for the board to decide. Whether they do constitute a public nuisance is a matter to be determined by a court of competent jurisdiction in an action to abate the nuisance pursuant to section 12 of the act. It is sufficient for us to decide, which we do, that the violations proved in this matter are sufficient to justify the closure of the pools at Colony West and College Park Apartments.

## CONCLUSIONS OF LAW

1. This board has jurisdiction over the parties and the subject matter of this proceeding.

2. Swimming pool facilities owned and operated by the owners and operators of apartment complexes for the accommodation of the tenants thereof are subject to the provisions of the Public Bathing Law, supra, and may not be constructed or operated without first obtaining a permit therefor from D E R.

3. There was substantial evidence in the record in these proceedings to show that the swimming pool facilities at Colony West and College Park Apartments were being operated in violation of the

Public Bathing Law, supra, and the rules and regulations of D E R promulgated pursuant thereto.

4. The violations of the rules and regulations of D E R occurring at the swimming pools at College Park and Colony West Apartments owned and operated by appellant, constitute sufficient grounds for ordering the closure of said pools until in conformity with the Public Bathing Law, supra, and the rules and regulations of D E R promulgated pursuant thereto is obtained.

## ORDER

And now, April 30, 1975, the actions of D E R taken on August 1, 1973, in ordering the closure of the swimming pool facilities at the Colony West and College Park Apartments in Moon Township, Allegheny County, Pa., and revoking permits with regard thereto previously issued appellant are sustained and the appeals of Bell Development Corporation are hereby dismissed. Further, the supersedeas previously issued in these matters on June 17, 1974, is hereby withdrawn.